UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
LATEEKA RICHARDSON, Mother and Natural Guardian of J.L., an infant under the age of 18,

                            Plaintiff,

-against-

THE CITY OF NEW YORK and POLICE OFFICERS "JOHN DOE" #1-10, Individually and in their Official Capacity (the name John Doe being fictitious, as the true names are presently unknown),

                            Defendants.
-----------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL DEMANDED**

Plaintiff, LATEEKA RICHARDSON, as Mother and Natural Guardian of J.L., an Infant Under the Age of Eighteen Years, by her attorneys, COHEN & FITCH LLP, complaining of the defendants, respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of J.L's civil rights, as said rights are secured by said statutes and the Constitutions of the State of New York and the United States. Plaintiff also brings claims for corresponding State law causes of actions for violations of the New York State common law.

**JURISDICTION**

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

4. Venue is properly laid in the Eastern District of New York under U.S.C. §1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5. Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

### *Plaintiff*

6. Plaintiff LATEEKA RICHARDSON is an African American female and was at all relevant times a resident of the City and State of New York.

7. J.L. is an eleven (11) year-old African American male and was at all relevant times a resident of the City and State of New York.

8. Plaintiff LATEEKA RICHARDSON is commencing this action on behalf of her son, J.L., as her legal guardian.

### *Defendants*

9. Defendant, THE CITY OF NEW YORK, was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

10. Defendant, THE CITY OF NEW YORK, maintains the New York City Police Department, duly authorized public authorities and/or police departments, authorized to perform all functions of a police department as per the applicable sections of the New York State Criminal Procedure Law, acting under the direction and supervision of the aforementioned municipal corporation, The City of New York.

11. That at all times hereinafter mentioned, POLICE OFFICERS "JOHN DOE" #1-10" (collectively "NYPD officer(s)"), were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

12. That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

14. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

15. At all times hereinafter mentioned, the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or City of New York.

## FACTUAL ALLEGATIONS

16. On or about July 31, 2018, at approximately 6:00 a.m., J.L., a minor under the age of eighteen (18), was lawfully in the vicinity of 245 Cozine Ave. Brooklyn, NY.

17. At the above-mentioned time and place, NYPD officers entered the location with guns drawn and immediately placed J.L., an eleven-year-old child, under arrest – for the first time in his life – by handcuffing his arms tightly behind his back.

18. At no time on July 31, 2018, did the defendant NYPD officers possess information that would lead a reasonable officer to believe that probable cause existed to arrest J.L.

19. J.L. was then transported out of the apartment, searched, and then detained in the hallway in handcuffs for approximately five (5) hours.

20. At no time on July 31, 2018, did the defendant NYPD officers possess information that would lead a reasonable officer to believe that probable cause and/or reasonable suspicion existed to search J.L.

21. Thereafter, J.L. was un-cuffed but remained detained in the hallway for approximately an hour before he was released from police custody to his mother.

22. At no time on July 31, 2018, did J.L. commit any crimes, and/or offenses or behave unlawfully in any way, nor did the police have probable cause for his arrest.

23. At no time on July 31, 2018, was it reasonable to handcuff J.L. in the first instance nor was it reasonable to keep J.L. handcuffed for approximately five (5) hours.

24. As a result of the foregoing, J.L. was detained for approximately six (6) hours before he was released to his mother without being charged.

25. In addition, during the approximately six (6) hours which J.L. was detained, he was not allowed to use the bathroom, nor was he allowed to sit down, nor was he given anything to eat or drink, nor was he allowed to put on shoes.

26. As a result of his unlawful arrest, J.L. suffered physical injuries to his wrists as a result of having his arms tightly handcuffed behind his back. In addition, J.L. suffered emotional distress.

27. As a result of the foregoing, J.L. sustained, *inter alia*, physical injuries, mental anguish, shock, fright, apprehension, embarrassment, humiliation, and deprivation of his constitutional rights.

## FEDERAL CLAIMS

### FIRST CLAIM FOR RELIEF UNDER 42 U.S.C. § 1983
### DEPRIVATION OF FEDERAL RIGHTS

28. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

29. All of the aforementioned acts of the NYPD officer defendants, their agents, servants and employees, were carried out under the color of state law.

30. All of the aforementioned acts deprived plaintiff of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. § 1983.

31. The acts complained of were carried out by the aforementioned individual NYPD officer defendants in their capacities as police officers with all the actual and/or apparent authority attendant thereto.

32. The acts complained of were carried out by the aforementioned individual NYPD officer defendants in their capacities as police officers, pursuant to the customs,

Case 1:19-cv-01556-RER Document 1 Filed 03/19/19 Page 6 of 16 PageID #: 6

usages, practices, procedures, and the rules of the City of New York and the New York City Police Department, all under the supervision of ranking officers of said department.

33. NYPD officer defendants, collectively and individually, while acting under color of state law, engaged in conduct which constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

### SECOND CLAIM FOR RELIEF UNDER 42 U.S.C. § 1983
### FALSE ARREST

34. Plaintiff repeats, reiterates and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

35. As a result of the aforesaid conduct by defendants, plaintiff was subjected to an illegal, improper and false arrest, taken into custody, and caused to be falsely imprisoned, detained, and confined, without any probable cause, privilege or consent.

36. As a result of the foregoing, plaintiff's liberty was restricted for an extended period of time, she was put in fear for her safety, and she was humiliated and subjected to handcuffing and other physical restraints, without probable cause.

### THIRD CLAIM FOR RELIEF UNDER 42 U.S.C. § 1983
### UNREASONABLE SEARCH AND SEIZURE

37. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

38. As a result of the aforesaid conduct by defendants, plaintiff's person and possessions were illegally and improperly searched and seized without consent, a valid

6

warrant, probable cause, privilege or consent, in violation of his constitutional rights as set forth in the Fourth, Fifth and Fourteenth Amendments to the Constitution of the United States.

39. As a result of the aforesaid conduct by defendants, plaintiff's person was caused to be searched and then handcuffed for approximately five (5) hours without any reasonable or probable cause to believe that continued handcuffing was necessary to restrain plaintiff and prevent his escape.

### FOURTH CLAIM FOR RELIEF UNDER 42 U.S.C. § 1983
### EXCESSIVE FORCE

40. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

41. The level of force employed by defendants was objectively unreasonable and in violation of the constitutional rights of J.L.

42. As a result of the aforementioned conduct of defendants, J.L. was subjected to excessive force and sustained physical and emotional injuries.

### FIFTH CLAIM FOR RELIEF
### FAILURE TO INTERCEDE UNDER 42 U.S.C. § 1983

43. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

44. The defendants had an affirmative duty and the opportunity to intercede when plaintiff's constitutional rights were being violated in defendants' presence by the use of excessive force and by misrepresenting and falsifying evidence regarding the

circumstances surrounding plaintiff's arrest throughout all phases of the criminal proceedings.

    45. Defendants further violated plaintiff's constitutional rights when they failed to intercede and prevent the violation or further violation of plaintiff's constitutional rights and the injuries or further injuries caused as a result of said failure.

    46. As a result of the defendants' failure to intercede when plaintiff's constitutional rights were being violated in defendants' presence, plaintiff sustained, *inter alia*, physical and emotional injuries, plaintiff's liberty was restricted for an extended period of time, he was put in fear for his safety, and he was humiliated and subjected to handcuffing and other physical restraints, without justification.

### SIXTH CLAIM FOR RELIEF FOR UNDER 42 U.S.C. § 1983
### MUNICIPAL LIABILITY

    47. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

    48. Defendants caused excessive force to be utilized against plaintiff without justification or provocation causing plaintiff injuries in violation of his constitutional rights.

    49. Defendants caused plaintiff to be handcuffed continuously for approximately five (5) hours despite having no reasonable justification for doing so and despite the fact that he posed no risk of flight and was under police guard the entire time, in violation of the constitutional rights of plaintiff.

    50. The acts complained of were carried out by the aforementioned individual defendants and subordinate officers of the NYPD officers, P.O. "JOHN DOE"'s #1-10 in

their capacities as NYPD officers and officials, with all the actual and/or apparent authority attendant thereto.

51. The acts complained of were carried out by the aforementioned individual defendants and subordinate NYDP officers, including P.O. "JOHN DOE"'s #1-10 in their capacities as NYPD officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of the City of New York.

52. The pattern of utilizing excessive force established by policy-making officials within the NYPD and the City of New York, the failure to train officers and employees, and the failure to supervise and/or discipline staff responsible for these acts are so institutionalized as to represent a policy or custom of unconstitutional violations that have resulted in the deprivation of plaintiffs' rights.

53. The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York, the NYPD include, but are not limited to, the following unconstitutional practices:

   i. Utilizing excessive force in connection with arrests when there is no excuse or justification for any such force; and/or,

   ii. Requiring that individuals be and remain handcuffed following arrests regardless of the necessity of the handcuffing to prevent escape or danger to themselves or others; and/or,

   iii. Showing deliberate indifference to the requisite level or suspicion required to stop, search, detain and/or arrest an individual; and/or

   iv. arresting individuals regardless of probable cause in order to inflate the officer's arrest statistics; and/or,

   v. arresting innocent persons notwithstanding the existence of credible evidence which exonerates the accused of any criminal wrongdoing; and/or,

vi.   failing to take reasonable steps to control and/or discipline police officers who lie and/or commit perjury in order to cover up police misconduct and/or inflate arrest statistics.

54.   The existence of the aforesaid unconstitutional customs and policies may be inferred from repeated occurrences of similar wrongful conduct by the NYPD and from the statistics, records and reports maintained by City Agencies.

55.   The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, and NYPD constituted a deliberate indifference to the safety, well-being and constitutional rights of plaintiffs.

56.   The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, and NYPD were the direct and proximate cause of the constitutional violations suffered by plaintiffs as alleged herein.

57.   The foregoing customs, policies, usages, practices, procedures and rules of the City of New York, and NYPD were the moving force behind the constitutional violations suffered by plaintiffs as alleged herein.

58.   As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York, and NYPD, plaintiff was arrested without probable cause or any legal basis and subjected to excessive force, detention, search, restraints, handcuffing and verbal, mental and physical abuse in violation of their constitutional rights.

59.   Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

60.   Defendants, collectively and individually, while acting under color of state law, acquiesced in and encouraged a pattern of unconstitutional conduct by subordinate

NYPD officers, and were directly responsible for the violation of the constitutional rights of plaintiff.

61. All of the foregoing acts by defendants deprived plaintiff of federally protected rights, including, but not limited to, the right:

      A. Not to be deprived of liberty without due process of law;

      B. To be free from seizure and arrest not based upon probable cause;

      C. Not to have summary punishment imposed upon him; and

      D. To receive equal protection under the law.

## **PENDANT STATE CLAIMS**

62. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

63. On or about October 5, 2018, and within (90) days after the claim herein accrued, the plaintiff duly served upon, presented to and filed with defendant THE CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law § 50 (e).

64. Defendant THE CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

65. Defendant THE CITY OF NEW YORK demanded a hearing pursuant to General Municipal Law § 50-h and this hearing took place on January 23, 2019.

66. This action was commenced within the relevant statute of limitations after the cause of action herein accrued.

11

67. Plaintiff has complied with all conditions precedent to maintaining the instant action.

68. This action falls within one or more of the exceptions as outlined in C.P.L.R. § 1602.

69. Plaintiff has complied with all conditions precedent to maintaining the instant action.

### FIRST CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### ASSAULT

70. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

71. Defendants' aforementioned actions placed J.L. in apprehension of imminent harmful and offensive bodily contact.

72. As a result of defendants' conduct, J.L. has suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment, and humiliation.

### SECOND CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### BATTERY

73. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

74. Defendant police officers touched J.L. in a harmful and offensive manner.

75. Defendant police officers did so without privilege or consent from plaintiff.

76. As a result of defendants' conduct, J.L. suffered physical pain and mental anguish, together with shock, fright, apprehension, embarrassment and humiliation.

### THIRD CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FALSE ARREST

77. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

78. Defendant police officers arrested J.L. in the absence of probable cause and without a warrant.

79. As a result of the aforesaid conduct by defendants, J.L. was subjected to an illegal, improper and false arrest by the defendants and taken into custody and caused to be falsely imprisoned, detained, and confined by the defendants. The aforesaid actions by the defendants constituted a deprivation of the plaintiff's rights.

### FOURTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### FALSE IMPRISONMENT

80. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

81. As a result of the foregoing, J.L. was falsely imprisoned, her liberty was restricted for an extended period of time, she was put in fear for her safety, and humiliated and subjected to handcuffing and other physical restraints.

82. J.L. was conscious of said confinement and did **not** consent to same.

83. The confinement of J.L. was without probable cause and was not otherwise privileged.

84. As a result of the aforementioned conduct, J.L. has suffered physical and mental injury, together with embarrassment, humiliation, shock, fright and loss of freedom.

### FIFTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

85. Plaintiff repeats, reiterates, and re-alleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

86. The aforementioned conduct was extreme and outrageous, and exceeded all reasonable bounds of decency.

87. The aforementioned conduct was committed by defendants while acting within the scope of their employment by defendant THE CITY OF NEW YORK.

88. The aforementioned conduct was committed by defendants while acting in furtherance of their employment by defendant THE CITY OF NEW YORK.

89. The aforementioned conduct was intentional and done for the sole purpose of causing severe emotional distress to J.L.

90. As a result of the aforementioned conduct, J.L. suffered severe emotional distress and physical and mental injury together with embarrassment, humiliation, shock, fright and loss of freedom.

### SIXTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

91. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

92. The aforementioned conduct was committed by defendants while acting in their capacities as NYPD officers, and within the scope of their employment, and each were negligent in committing conduct that inflicted emotional distress upon plaintiff.

93. The negligent infliction of emotional distress by defendants was unnecessary and unwarranted in the performance of their duties as NYPD officers.

94. Defendants, their officers, agents, servants, and employees were responsible for the negligent infliction of emotional distress upon plaintiff. Defendant City OF NEW YORK, as employer of each of the defendants, is responsible for their wrongdoings under the doctrine of *respondeat superior*.

95. As a direct and proximate result of the misconduct and negligence of the defendants as set forth above, J.L. suffered mental injury, pain and trauma, together with embarrassment, humiliation shock, fright, and loss of freedom.

### SEVENTH CLAIM FOR RELIEF UNDER N.Y. STATE LAW
### NEGLIGENT HIRING/TRAINING/SUPERVISION/RETENTION

96. Plaintiff repeats, reiterates, and realleges each and every allegation contained in the proceeding paragraphs with the same force and effect as if fully set forth herein.

97. Defendant CITY OF NEW YORK selected, hired, trained, retained, assigned and supervised all members of its corporation, including the individually defendants named above.

98. Defendant CITY OF NEW YORK were negligent and careless when it selected, hired, trained, retained, assigned, and supervised all members of their respective corporations including the individually defendants named above.

99. Due to the negligence of the defendant as set forth above, J.L. suffered physical injury, mental injury, pain and trauma, together with embarrassment, humiliation shock, fright, and loss of freedom.

100. As a result of the foregoing, plaintiff is entitled to compensatory damages and is further entitled to punitive damages against the individual defendants.

**WHEREFORE**, plaintiff respectfully requests judgment against defendants as follows:

i. an order awarding compensatory damages in an amount to be determined at trial;

ii. an order awarding punitive damages in an amount to be determined at trial;

iii. reasonable attorneys' fees and costs under 42 U.S.C. § 1988; and

iv. directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
March 18, 2019

Respectfully submitted,

**COHEN & FITCH LLP**

By: _____/S/_____
GERALD COHEN
JOSHUA FITCH
ILYSSA FUCHS
COHEN & FITCH LLP
*Attorneys for Plaintiff*
233 Broadway, Suite 1800
New York, N.Y. 10279
(212) 374-9115